# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WARREN ENVIRONMENTAL, INC., <br><br> Plaintiff, <br> v. <br><br> SOURCE ONE ENVIRONMENTAL, LTD, successor in interest to FERNCO ENVIRONMENTAL, LTD, FLEX-SEAL COUPLINGS, LTD, AND FERNCO, INC., <br><br> Defendants. | CIVIL ACTION NO. 1:18-cv-11513-RGS <br><br> Hon. Richard G. Stearns |

## **STIPULATED PROTECTIVE ORDER**

This matter having come before the Court upon the stipulation of Plaintiff Warren Environmental, Inc. ("WEI") and Defendants Source One Environmental, Ltd., successor in interest to Fernco Environmental, Ltd. ("Source One"), Flex-Seal Couplings, Ltd. ("Flex-Seal"), and Fernco, Inc. ("Fernco," collectively with Source One and Flex-Seal, the "Defendants"), through their respective undersigned counsel (collectively the "Parties"), for the purpose of entering a Protective Order pursuant to Fed. R. Civ. P. 26(c) with respect to the production of documents and other information by the Parties, and potentially non-parties, in the above-captioned action (the "Action"); the Parties agreeing that a Protective Order is necessary and appropriate to protect, preserve, and maintain the confidentiality of certain information, documents, and other materials that have been or may be sought to be discovered by the Parties and/or Court in the Action, including (without limitation) the confidential, proprietary, and/or trade secret, financial, commercial, business, and personal information of the Parties, and desire that a Protective Order limiting the use, access to, and disclosure of such information, documents, and/or materials be entered; and the Court otherwise being fully advised in the premises:

NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED AND ORDERED that:

## I. SCOPE OF THE ORDER

**1.** **Scope of Order:** This Order applies to all documents (and the contents thereof) served, transmitted, or incorporated in this lawsuit pursuant to Rules 26 through 36 and/or Rule 45 of the Federal Rules of Civil Procedure.

## II. DESIGNATION OF MATERIALS AS "CONFIDENTIAL" OR "ATTORNEYS EYES ONLY"

**2.** **Confidential Designation:** In producing, providing or revealing discovery materials, any party may designate as "CONFIDENTIAL" the whole or any part of discovery material which the designating party deems to constitute trade secrets, know-how, proprietary data, intellectual property or marketing, contract, financial, negotiated, or similar commercially sensitive business information or data which is not publicly known and cannot be ascertained from an inspection of publicly available documents, materials, or devices to the extent the designating party (1) maintains such information in confidence, or (2) believes that unprotected disclosure might result in economic or competitive injury. Any party may designate discovery material containing internal financial information that has not been publicly disclosed or personal and/or sensitive or proprietary information related to customers and/or other companies as "ATTORNEYS' EYES ONLY" if the disclosing party in good faith believes that such a designation is necessary to prevent the party from incurring serious economic or competitive injury. If a party determines in good faith that any of its documents or things or responses produced in the course of discovery require protection under the terms of this Order, it shall advise the other parties of this fact, and all copies of such documents or things or responses or portions thereof

shall be marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" and treated in accordance with the terms of this Stipulated Protective Order. Discovery material designated under this Order as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" is sometimes collectively referred to as "Protected Information." For the avoidance of any doubt, those eligible to view "CONFIDENTIAL" or "Confidential" information are identified and defined in Section 3 below and those eligible to view "ATTORNEYS' EYES ONLY" or "Attorney Eyes Only" information are identified and defined in Section 4 below.

3. **Persons Eligible to View Confidential Information:** Only those designated as "Qualified Persons" under this Order are authorized to view Protected Information designated "CONFIDENTIAL" in this case. "Qualified Persons" shall consist of and be limited to:

   a. Attorneys of record in this litigation and secretaries, paralegals, law clerks and support staff employees to whom, in the opinion of the attorney of record for the receiving party, it is necessary that the information be disclosed for purposes of this litigation;

   b. Any person who is not an employee or business consultant of a party and who is retained by a party or its attorneys of record in this litigation solely as an independent expert for the purposes of this litigation and who agrees in writing to be bound by the terms of this Protective Order. The independent expert must complete and sign a Confidentiality Statement in the form of Exhibit A, attached hereto. A copy of that Statement must be given to the other party before access is allowed to the Confidential information in all instances except for Confidentiality Statements completed and signed by any non-testifying expert retained by any party. Non-testifying experts must complete and sign a Confidentiality Statement in the form of Exhibit A before such non-testifying expert is allowed access to any Confidential information, and such statement must be kept in the possession of the attorney(s) for the party that retained such non-testifying expert, but such Statement need not be disclosed to the other party unless so ordered by the Court.

   c. Officers, directors, and/or employees expressly designated by each party, who, by accepting said designation agree to be bound by the terms of this Protective Order.

d. Any person that an attorney of record in this litigation reasonably believes needs to review the confidential information to enable the good faith prosecution or defense of this litigation, such as a potential witness. Any such person shall complete and sign a Confidentiality Statement in the form of Exhibit A, attached hereto. A copy of that Statement must be given to the other party before access is allowed to the Confidential information.

e. Any other person who is designated as a Qualified Person by Order of this Court, after notice to all parties, or who, by written agreement of the parties, is designated as a Qualified Person. Any person designated under this subparagraph must complete and sign a Confidentiality Statement in the form of Exhibit A, attached hereto. A copy of that Statement must be given to the other party before access is allowed to the Confidential information.

f. Court reporters, stenographers, clerks, law clerks, and other court personnel employed by the Court, and court reporters and/or stenographers at depositions.

4. **Persons Eligible to View Attorneys Eyes Only Information:** By placing the phrase "Attorneys Eyes Only" on a document, a producing party designates that document as one to be viewed only by the Court, by attorneys of record, and/or by expert consultants retained in this proceeding, who may not disclose the content of the document to their client except with the written consent of the producing party or by order of the Court. A requesting party may challenge the designation of a document as "Attorney Eyes Only" pursuant to paragraph 17 below.

5. **Method of Designation:** All Information produced in this matter shall be accorded the protections of this Protective Order if affirmatively designated as "Confidential" or "Attorneys Eyes Only." Protected Information shall be designated as such by marking each page of the document or thing at or before the time of production substantially as follows:

**"CONFIDENTIAL"**

or

**"CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER"**

or

**"HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY"**

or

**"HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY – PURSUANT TO PROTECTIVE ORDER"**

In lieu of marking the original of documents, the party may mark the copies that are produced or exchanged, before or after an inspection of the originals by the other party. The designation of material as Confidential or Attorneys Eyes Only constitutes a representation by the designating party and its counsel that they, in good faith, believe that the material so designated contains or constitutes information which is properly the subject of this Protective Order. A requesting party may challenge the designation of a document as Confidential or Attorneys Eyes Only pursuant to paragraph 17 below.

6. **Designation of Deposition Records:** Information disclosed at the deposition of a party or one of its present or former officers, directors, employees, agents, or independent experts retained by a party for purposes of this litigation as well as third parties may be designated as Confidential or Attorneys Eyes Only information by indicating on the record at the deposition that the particular testimony is Confidential or Attorneys Eyes Only information and subject to the provisions of this Protective Order.

7. **Effect of Designation and/or Failure to Designate:** Designation of materials as Protected Information is a representation by the designating person that there is a valid basis for such designation. Notwithstanding the foregoing, the failure to designate materials as Protected Information shall not be used against any person as an admission or concession that the materials are not eligible for designation, nor shall it constitute, be construed as, or have the effect

of, a waiver of any kind. In the event that a person inadvertently fails to designate materials as Protected Information, any person to whom the materials were produced, shall, upon written notice, designate, and thereafter treat, such materials as though designated as Protected Information.

### III. TREATMENT OF MATERIALS SUBJECT TO PROTECTIVE ORDER

8. **Prohibited Use of Materials**: Protected Information shall not be used for any purpose other than in connection with this litigation. Furthermore, Protected Information shall not be: (1) made available, directly or indirectly or through paraphrasing, by the party receiving it to any persons or entities other than those expressly identified as eligible to view such information in Sections 3 and/or 4, above; or (2) used by any person for any purpose other than in connection with this litigation.

9. **Permitted Use of Materials:** Nothing shall prevent disclosure beyond the terms of this Order if the party and/or third-party designating the Protected Information consents, in writing, to such disclosure, withdraws the Confidential or Attorneys Eyes Only designation, or if the Court, after notice to all parties, orders such disclosure. A party may, in a deposition, show any witness Protected Information. This Protective Order does not prohibit the use or disclosure by a person of materials lawfully obtained or developed by such person independently of discovery in this matter, even if such materials are also obtained through discovery in this matter.

10. **Inapplicability of Protective Order:** This Protective Order shall not apply to information that: (i) was, is, or becomes public knowledge (not by any way of a violation of this Protective Order); (ii) was or is acquired from a third party possessing such information and

having no obligation of confidentiality to the designating party; or (iii) the receiving party establishes was already in its rightful and lawful possession at the time of the disclosure.

11. **Filing of Confidential Material Under Seal**. In the event that any party wishes to include Protected Information or information protected pursuant to Fed. R. Civ. P. 26(c)(1)(G) and/or (H) and/or L.R. 26.4 in a filing with the Court, the following procedure must be followed. If an exhibit contains Protected Information, then the exhibit containing the Protected Information shall be sealed. However, if Protected Information is quoted in a portion of the lead document (i.e. a motion or brief), then only the particular page(s) or portions of the page(s) of the lead document containing the Protected Information shall be sealed.

A document filed through the ECF system shall be sealed by omitting the particular page(s) or portions of the page(s) containing Protected Information as described above, and by instead substituting each page or portion of the page with an otherwise blank page or portion of the page bearing the following text:

"CONFIDENTIAL"
This page contains information that is subject to a protective order in this case.

An unsealed courtesy copy shall be provided to all counsel of record via e-mail the same day that such a filing is made through the ECF system.

With respect to Judge's Copies, the parties need not seal the portions of the filing containing Protected Information. Instead, the parties may simply place the entire filing into an envelope bearing the caption of the case, the title of the filing, and the following statement:

"CONFIDENTIAL"
This envelope contains information that is subject to a protective order in this case. This envelope shall only be opened by the Court and the Court's staff. Violation thereof may be regarded as contempt of the Court.

**12. Return of Materials Subject to the Protective Order:** As to all Protected Information: Within sixty (60) days after the conclusion of this litigation, including all appellate proceedings, originals or reproductions of any documents or things produced by a party containing Protected Information shall be returned to the producing party or destroyed, except as required by law. Moreover, the office of each principal counsel may retain for its archive a single copy of any such materials. Principal counsel may also retain all exhibits, deposition transcripts, correspondence and papers filed with the Court. There shall be no restrictions on the disclosure or use of any trial exhibits, unless the exhibits were filed under seal and the Court has not lifted any such restriction on the same.

## IV. MISCELLANEOUS

**13. Inadvertent or Unintentional Disclosure of Privileged Information:** If a person inadvertently or unintentionally produces or discloses materials that are subject to or fall within the attorney-client privilege, work product doctrine, or other immunity, such person shall promptly give written notice to any receiving persons. On receiving such notice, a receiving person shall sequester the materials. The producing or disclosing person and the receiving person(s) shall thereafter negotiate the disposition of the materials in good faith. If, after 7 days, the persons are unable to reach an agreement as to the disposition of the materials, either of them may move the Court to resolve the matter. In the event of such a motion, no person shall use the fact of production or disclosure to argue that any applicable privilege is or was waived. Nothing herein shall preclude a receiving person from otherwise challenging or disputing the privilege or immunity claimed by the producing person, including by using the materials at issue in a manner consistent with this Protective Order.

14. **Non-Waiver of Rights:** This Order shall not constitute a waiver of any right(s) to: (1) object to any discovery request and withhold information and/or materials on the ground of attorney/client privilege, work product or otherwise; (2) object to the introduction of any materials as evidence at any hearing or trial in this matter; (3) seek other and further protections as to any materials that may be offered or admitted as evidence at any hearing or trial in this matter; or (4) file any other motions that may be permitted by any applicable law or court rule. Nothing in this Protective Order shall constitute an admission or waiver of any objection, claim or defense by any person or party.

15. **Modifications to Order:** Any person with proper standing may, on motion or other request to the Court and for good cause shown, seek a modification of this Order. No modification of this Order that adversely affects the protection of any materials produced by a person shall be entered without first giving the person appropriate notice and an opportunity to be heard.

16. **Binding Order:** This Order shall bind all parties to this litigation and any and all other persons to the fullest extent lawfully permissible.

17. **Dispute Resolution:** A person need not challenge the propriety of the designation of Protected Information at the time of designation. In the event of a dispute concerning this Protective Order, including, but not limited to, a dispute over the designation of materials Protected Information, the attorneys for the parties shall first attempt in good faith to negotiate a resolution. If the parties are unable to resolve the dispute, the producing party shall have 14 days from the date the party opposing the designation confirms in writing an impasse, or a longer time as allowed by the Court, to file a motion pursuant to Fed. R. Civ. P. 26 to continue the

designation. Until the motion is resolved by the Court, the designated materials at issue shall continue to have the protections afforded by this Order. If the producing party fails to file a motion within 14 days or within the time allowed by the Court, then the material that was the subject of the dispute shall no longer be entitled to protection under this Order. In the event of such a dispute, the party designating materials as Protected Information bears the burden of justifying that designation.

**18. Survival of Litigation:** This Order shall survive the termination of this litigation, and shall remain in effect until modified, superseded, or terminated by order of the Court or by agreement of the parties.

**19. Violations:** Any person who violates this Order may be subject to sanctions, including injunctive relief, contempt orders, monetary damages, or other penalties to be determined by the Court.

**IT IS SO ORDERED.**

Dated: 12/31/2019     /s/ Richard G. Stearns
                      U.S. District Court Judge

Stipulated as to form and approved for entry:

PHILLIPS & GARCIA, P.C.              DICKINSON WRIGHT PLLC

/s/ *Carlin Phillips*                /s/ *Patrick B. Green*
Carlin Phillips, BBO # 56196         J. Benjamin Dolan (Admitted *Pro Hac Vice*)

| | |
|---|---|
| 13 Ventura Drive,<br>Dartmouth, MA 02747<br>T (508) 998-0800; F (508) 998-0919<br>cphillips@phillipsgarcia.com<br>*Attorneys for Plaintiff* | Patrick B. Green  (Admitted *Pro Hac Vice*)<br>Michael L. Dallaire  (Admitted *Pro Hac Vice*)<br>500 Woodward Ave., Suite 4000<br>Detroit, MI 48226<br>313-223-3500<br>bdolan@dickinsonwright.com<br>pgreen@dickinsonwright.com<br>mdallaire@dickinsonwright.com<br><br>MORIARTY TROYER & MALLOY LLC<br>David M. Rogers (BBO # 654908)<br>30 Braintree Hill Office Park, Suite 205<br>Braintree, MA 02184<br>(781) 817-4900<br><br>*Attorneys for Defendants* |

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WARREN ENVIRONMENTAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> SOURCE ONE ENVIRONMENTAL, LTD, successor in interest to FERNCO ENVIRONMENTAL, LTD, FLEX-SEAL COUPLINGS, LTD, AND FERNCO, INC., <br><br> Defendants. | CIVIL ACTION NO. 1:18-cv-11513-RGS <br><br> Hon. Richard G. Stearns |

## **EXHIBIT A**

I, _____, state that:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Protective Order in the matter entitled *Warren Environmental, Inc. v. Source One Environmental, Ltd., et al.,* U.S. District Court for the District of Massachusetts, Case No. 18-cv-11513-RGS.

5. I have carefully read and understand the provisions of the Protective Order. I will comply with all of the provisions, including holding in confidence and not disclosing to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

6. Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" that came into my

possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

7. I hereby consent to be subject to personal jurisdiction of the U.S. District Court for the District of Massachusetts with respect to any proceeding relative to the enforcement of the Protective Order.

_____
Signature

_____
Date

DETROIT 12987-173 1522422v5